IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| INTERNATIONAL FIDELITY INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | Cause No. 1:09-cv-0954-TAB-WTL |
| DI CONSTRUCTION SERVICES, INC., DIMENSIONS, INC., TIMOTHY L. MILLER AND KIMBERLEE A. MILLER, | ) ) ) ) ) | |
| Defendants. | ) | |

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

**I.    Introduction**

Plaintiff International Fidelity Insurance Company ("IFIC") entered into an indemnification agreement with Defendants DI Construction Services, Inc., Timothy L. Miller, Dimensions, Inc., and Kimberlee A. Miller (collectively "DI" or "Defendants") for execution of a payment bond. [Docket Nos. 11-1 (Ex. A), 11-2 (Ex. B).] IFIC paid the claims brought against the bond, but DI did not indemnify it for those claims. IFIC sued DI for indemnification and moved for summary judgment. [Docket Nos. 1, 11, 40.] IFIC's arguments are properly made and supported, and DI has not responded with specific facts showing a genuine triable issue. The Court therefore grants IFIC's motion for summary judgment.

**II.    Background**

The material facts are undisputed. On June 19, 2006, DI contracted to perform construction work on the Hampton Inn & Suites in Alexandria, Louisiana. On the same day, IFIC issued a payment bond to DI for the project. [Docket No. 11-2 (Ex. B).] On June 27, 2006, Timothy L. Miller, personally and as representative of DI and Dimensions, Inc., and Kimberlee

A. Miller, personally, signed an indemnification agreement in connection with the issuance of the payment bond. [Docket No. 11-1 at 10 (Ex. A).]

A contractual dispute arose during the project, resulting in DI's failure to pay its subcontractors. The unpaid subcontractors then filed bond claims with IFIC. In each instance, IFIC requested the Defendants to advise it if there were any defenses to the subcontractors' claims. DI did not dispute any of the claims, and IFIC paid a total of $416,749.77 to settle them. [Docket No. 42-1 at ¶ 40 (Ex. A).] IFIC now seeks to recover these payments, interest, attorney's fees, and expenses.

### III. Discussion

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). When a summary judgment motion is properly made and supported, the opposing party "may not rely merely on allegations or denials in its own pleading," but must "come forward with specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); *Hansen v. Bd. of Trs. of Hamilton Se. Sch. Corp.*, 551 F.3d 599, 604 (7th Cir. 2008).

### A. *Indemnification*

The parties' indemnification agreement provides that DI "shall exonerate, indemnify, and keep indemnified [IFIC] from and against any and all liability for losses and/or expenses . . . [b]y reason of having executed or procured the execution of the Bonds." [Docket No. 11-1 at 2 (Ex. A).] The agreement also provides for interest. *Id*. IFIC's evidence that it paid $416,749.77 in bond claims and incurred $55,785.48 in interest is undisputed [Docket No. 42-1 at ¶ 40 (Ex. A)], and DI does not challenge the enforceability of the agreement. Because DI has not shown any

facts creating a genuine issue for trial, IFIC is entitled to a judgment of $472,535.25 as a matter of law.

   B.   *Attorney's Fees*

The parties' agreement also provides for attorney's fees and expenses IFIC incurred in recovering indemnification costs. [Docket No. 11-1 at 2 (Ex. A).] When determining a reasonable amount for attorney's fees, the Court considers the type and complexity of the litigation; the skill, effort, and time involved in preparing for litigation; and the fees normally charged by the attorney for the work performed in comparable legal services. *McGehee v. Elliott*, 849 N.E.2d 1180, 1191 n.4 (Ind. Ct. App. 2006).

As with IFIC's indemnification claim, DI does not oppose IFIC's claim for attorney's fees. IFIC has incurred attorney's fees in the amount of $9,584.00 and expenses in the amount of $1,143.92. [Docket No. 42-1 at ¶ 41 (Ex. A).] By failing to respond to IFIC's summary judgment motion, DI has waived its right to dispute the reasonableness of the attorney's fees. However, the Court has reviewed IFIC's fee request and concludes that in light of the relief sought and the time involved in seeking summary judgment, the fees requested are not unreasonable.

**IV.   Conclusion**

For these reasons, the Court determines that Plaintiff International Fidelity Insurance Company has established that the undisputed facts entitle it to judgment as a matter of law, and its summary judgment motion [Docket No. 40] is granted. Plaintiff is entitled to $472,535.25 in settlement claims and interest, and $10.727.92 in attorney's fees and expenses. Judgment in the amount of $483,263.17 will be entered separately.

   Dated:   12/23/2010

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

3

Copies to:

| | |
|---|---|
| David A. Cox<br>BAYLIFF HARRIGAN CORD MAUGANS<br>& COX, P.C.<br>dave.cox@bhcmlaw.com | Julia Blackwell Gelinas<br>Brian M. Falcon<br>FROST BROWN TODD LLC<br>jgelinas@fbtlaw.com<br>bfalcon@fbtlaw.com |